UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14324-CIV-MARTINEZ/LYNCH

MELANIE BECKFORD, et al.,

    Plaintiffs,

v.

DEPARTMENT OF CORRECTIONS, STATE OF FLA.,

    Defendant.
_____/



FILED by _____ D.C.

FEB - 3 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PLAINTIFF'S RESUBMITTED MOTION FOR ATTORNEY'S FEES, EXPERT FEES, AND LITIGATION EXPENSES (DE 418)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, the Defendant's Response, the Reply, and the various attachments thereto, this Court recommends as follows:

    1.    This Court set out both the basis for the Plaintiffs' entitlement to a fee and cost award and the "lodestar" reasonable fee standard in its prior Report and Recommendation (DE 412) on the matter. A major dispute at that time concerned the Plaintiffs' inclusion of fees and costs incurred (and already recovered) in a separate case. The District Court, upon ruling on the Report and Recommendation and the Plaintiff's objections thereto, permitted the Plaintiffs to resubmit their fee request after eliminating already compensated time and deducting the time and expense for the initial motion. Lastly the District Court

permitted Mr. Spriggs and Mr. Pittman to charge $350 and $300, respectively, based on the Defendant's consent to those hourly rates.

2. The Plaintiffs now seek $404,887.50 in attorney and paralegal fees. They present no argument demonstrating the reasonableness of their fee request, namely, the 639.1 work hours they are claiming. Instead they contend that the reasonableness of their fee request already has been accepted and now is the law of the case:

> The Plaintiffs further submit that the Magistrate Judge's Report and Recommendation and the Court's Order adopting it in part constitute a determination that the Plaintiffs are entitled to all attorney's fees, without reduction, sought by them for [the time not excluded by those rulings.] This is mandated by the failure of the Defendant to object to any part fo the Magistrate Judge's Report and Recommendation.

However the prior rulings never reached the question of whether the claimed hours were reasonable under the lodestar standard. Instead all that the prior Report and Recommendation answered was what kind of hours are compensable in the first place. In addition to rejecting the Plaintiff's request for double-billing, as mentioned above, this Court found no per se bar against hours incurred by multiple counsel or for travel. The purpose of the Report and Recommendation was to narrow the issues down as far as possible in order to facilitate settlement or, failing which, to simplify re-briefing. Indeed, had this Court found the non-excluded hours reasonable, there would have been little need for

these further proceedings.

3. The Plaintiffs leave their fee request unsubstantiated, and the Defendant raises several objections. First the Defendant objects to the continued inclusion of hours that should have been deducted pursuant to the resubmission instructions. The Defendant also objects to the time the Plaintiffs' counsel spent on their objection to the first Report and Recommendation despite the District Court's instruction to "deduct all hours and expenses incurred in litigating the present motion." Of the hours that do fall within the District Court's parameters, the Defendant raises several additional objections. The Defendant objects to the significant amount of time that both of the Plaintiffs' two lead attorneys bill for conferring with each other, time which it considers duplicative if not excessive. The Defendant objects to billing for purely clerical tasks such as the printing of pleadings, document preparation, and equipment preparation; work done clearly after the trial period; and otherwise vague entries or unsupported time.

4. By its reckoning the Defendant contends that the Plaintiffs' billing should be reduced by at least $32,075.00, and the Plaintiffs concede this reduction. The Defendant, who has greater personal knowledge and experience with this litigation, reached this amount after conducting its own review of the Plaintiffs' billing records. Consequently this Court sees no need

to address whether further reductions are warranted. Lastly the Defendant asks for a fee reduction given the various defects in the resubmitted motion. Albeit non-compliant with the resubmission instructions, the Defendant proffers no other evidence of wrongdoing that would warrant a reduction for punitive reasons. The Defendant's request therefore is denied.

5. This Court turns next to the Plaintiffs' expense request. The Defendant objects to vague and excessive cost items such as for "bulk mailing"; overhead costs such as for envelopes and office IT service; and atypical legal research expenses. This Court sustains these objections since these cost items exceed even the broad definition of litigation expense. However this Court overrules the Defendant's objection to the electronic discovery expert fee since the expert's services were valuable to the case's prosecution.

6. Based on the Defendant's figures, this Court finds the Plaintiffs entitled to recover a total of $372,812.50 in attorney and paralegal fees and a total of $29,859.89 in expenses.

**ACCORDINGLY**, this Court recommends to the District Court that the Plaintiffs' Resubmitted Motion for Attorney's Fees, Expert Fees, and Litigation Expenses be **GRANTED**, in part, for a total of $402,672.39.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if

any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this _____ day of February, 2009.

```
                                    _____
                                    FRANK J. LYNCH, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```

cc:  Hon. Jose E. Martinez
     John C. Davis, Esq.
     James O. Williams, Jr., Esq.